Allison Eckstrom, CA Bar No. 217255
E-Mail: allison.eckstrom@bclplaw.com
Christopher J. Archibald, CA Bar No. 253075
E-Mail: christopher.archibald@bclplaw.com
Michael E. Olsen, CA Bar No. 307358
E-Mail: michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC. (erroneously sued as "Walgreens Boots Alliance")

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| MARCIE LE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; WALGREENS BOOTS ALLIANCE, a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]** |
|---|---|

12125416.2

DEFENDANTS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. (erroneously sued as "Walgreens Boots Alliance") (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PROCEDURAL BACKGROUND

1. On July 27, 2018, Plaintiff commenced a class-action lawsuit against Defendants in the Superior Court of the State of California for the County of Orange, entitled "*Marcie Le, individually and on behalf of all others similarly situated, Plaintiff vs. Walgreen Co, an Illinois corporation; Walgreens Boots Alliance, a Delaware corporation; and Does 1-50, inclusive, Defendants*," Case No. 30-2018-01008756-CU-OE-CXC.

2. On July 31, 2018, Plaintiff served Defendants' agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; and (c) Civil Case Cover Sheet, true and correct copies of which are attached hereto as "**Exhibit A**."

3. On August 30, 2018, Defendants filed their Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit B**."

4. Exhibits A and B to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal

5. Plaintiff alleges the following causes of action against Defendants: (1) Failure to Provide Rest and Meal Periods or Premium Pay In Lieu Thereof; (2)

Failure to Provide Complete and Accurate Wage Statements; (3) Failure to Pay Earned Wages When Due; (4) Failure to Maintain Accurate Records; (5) Unfair Business Practices; (6) Defamation; (7) Intentional Infliction of Emotional Distress ("IIED"); and (8) Negligent Infliction of Emotional Distress ("NIED").

## **REMOVAL IS TIMELY**

6. A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

7. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8. "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Complaint does not "reveal on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92). Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes.

9. Plaintiff also never served Defendants with an "other paper" sufficient to trigger the second 30-day clock. 28 U.S.C. § 1446(b)(3). Indeed, Plaintiff has not served Defendants with any documents other than those attached to this Notice of Removal.

10. Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered and (b) Defendant filed this Notice of Removal within 30 days of being served, Defendants' removal is timely.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY GROUNDS

11. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

### Complete Diversity of Citizenship Exists Between Plaintiff and Defendants

12. **Plaintiff is A Citizen of California**. A person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges to have worked for Defendants from approximately May 20, 1992 to May 29, 2018. (Complaint, ¶ 6.) Throughout her employment with Defendant Walgreen Co., Plaintiff was employed at locations throughout Orange County, California. (Complaint, ¶¶ 6, 15.) For the last 18 years of Plaintiff's employment, she was assigned to a store in Huntington Beach, California and maintained a residential address in Huntington Beach, California. (Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2.) Plaintiff also alleges that, at all relevant times, she was a resident of California. (Complaint, ¶¶ 6, 15.) Therefore, according to Plaintiff's own allegations, she resided in California at the time the action was commenced and intended to remain there. As such, Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California.

13. **Defendant Walgreen Co. is a Citizen of Illinois**. At the time of the filing of this action, Defendant Walgreen Co. was, and still is, a corporation

incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Declaration of Wendy Harris ("Harris Decl."), ¶ 2.)

14. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; see also *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions.)

15. Walgreen Co.'s corporate headquarters are located in Deerfield, Illinois where Walgreen Co.'s officers direct, control and coordinate Walgreen Co.'s activities. (Harris Decl., ¶ 2.) Walgreen Co.'s operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*) Therefore, for diversity purposes, Defendant Walgreen Co. is a citizen of Illinois.

16. **Defendant Walgreens Boots Alliance, Inc. Is A Citizen of Delaware and Illinois**. At the time of the filing of this action, Defendant Walgreens Boots

Alliance, Inc. ("WBA") was, and still is, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois. (Declaration of Wendy Harris ("Harris Decl."), ¶ 3.)

17. WBA's corporate headquarters are located in Deerfield, Illinois where WBA's officers direct, control and coordinate WBA's activities. (Harris Decl., ¶ 3.) WBA's operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*) Therefore, for diversity purposes, Defendant WBA is a citizen of Delaware and Illinois.

18. Because Plaintiff is a citizen of California and Defendants are citizens of Illinois and Delaware, complete diversity of citizenship exists between Plaintiff and Defendants.

19. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b). Thus, the existence of Doe Defendants 1 through 50 does not deprive this Court of jurisdiction.

### The Alleged Amount In Controversy Exceeds $75,000[1]

20. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, *2 (E.D. Cal., May 1, 2007). Defendants need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v.*

---

[1] Defendants deny any liability whatsoever with respect to Plaintiff's individual and class claims. The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

1  *McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

21. The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

22. **Failure To Provide Meal and Rest Periods.** Plaintiff alleges that "Defendants ***failed to implement a policy*** or procedure that authorized and permitted pharmacists to take meal and/or rest periods…" (Complaint, ¶ 16 (emphasis added).) Plaintiff further alleges that "Defendants had a ***common policy of denying compensation in lieu of rest and meal periods***…." (*Id.* (emphasis added).) Defendants "…***uniformly denied rest periods*** for every four hours worked or major fraction thereof." (*Id.*, ¶ 27 (emphasis added).) They also "…***uniformly denied Plaintiff … rest and meal periods*** as required by law." (*Id.*, ¶ 30 (emphasis added).) Plaintiff claims that "Defendants required Plaintiff to ***remain on site*** and supervise pharmacy operations during meal and rest periods, requiring Plaintiff to, at a minimum, ***remain "on call" and on premises*** during rest and meal periods." (*Id.*, ¶ 31 (emphasis added).) "Defendants ***explicitly prohibit*** Class Members from ceasing pharmacy operations during shifts." (*Id.*, ¶ 32 (emphasis added).) Their "performance requirements and staffing practices ***made it impossible for Plaintiff . . . to take rest and meal periods***." (*Id.*, ¶ 33 (emphasis added).)

23. Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each

day that a meal period is not provided and one hour of premium pay for each day that a rest period is not authorized or permitted (*i.e.,* two hours of premium pay for each day that both a meal and rest period are not provided). *Marlo v. United Parcel Service, Inc.*, No. CV 03-04336 DDP (RZx), 2009 WL 1258491, *7 (C.D. Cal. May 5, 2009). As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, No. CIV S-07—325 FCD EFB, 2007 WL 1302504, *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2008 WL 2002511, *8 (N.D. Cal. May 7, 2008).

24. Plaintiff also alleges that the failure to provide meal and rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Complaint, ¶ 57.) The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for meal and rest break claims is based on a four-year limitations period.

25. When performing an analysis of the amount in controversy where, as here, a plaintiff alleges a regular, consistent, or routine policy or practice of violations, it is reasonable to assign a 100 % violation rate. *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, *3-4 (E.D. Cal. 2011) (defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate where plaintiff alleged that class members were routinely denied meal periods or were not compensated for meal periods.) Here, Plaintiff goes even further, alleging that Defendants had no meal or rest break policy, uniformly denied meal and rest breaks, required Plaintiff to remain "on call" during meal and rest breaks, explicitly prohibited meal and rest breaks, and even made it impossible to take meal and rest breaks. (Complaint, ¶¶ 16, 27, 31-33.)

26. Moreover, when an employer requires employees to remain on site during meal breaks and requires them to remain "on-call" during rest breaks, Plaintiff alleges that the employer effectively has failed to provide compliant meal

and rest breaks. *See Bono Enters., Inc. v. Bradshaw*, 32 Cal. App. 4th 968, 975 (1995), overruled on other grounds *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996) ("When an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control. According to IWC Order No. 1–89 [defining "hours worked"], that employee must be paid."); *Augustus v. ABM Sec. Servs.*, Inc., 2 Cal.5th 257, 269-273 (2016) (requiring employees to remain on duty is "irreconcilable with employees retention of freedom to use rest periods for their own purposes.") As a result, Defendants are entitled to apply a 100% violation rate for calculating the amount in controversy for purposes of removal.

27. Defendants expressly deny that they failed to provide Plaintiff with proper meal or rest breaks. Nevertheless, Plaintiff's alleged meal and rest break liability can be determined from Plaintiff's time record data, which reflects the number of shifts that Plaintiff worked since July 27, 2014 that exceeded 3.5 hours (to determine the amount in controversy for rest breaks) and 5.0 hours (to determine the amount in controversy for meal breaks).

28. Plaintiff's lowest hourly rate of pay from July 27, 2014 until her termination was $66.35. (Musgrove Decl., ¶ 3.) Plaintiff worked 735 shifts that exceeded 3.5 hours and 728 shifts that exceeded 5.0 hours from July 27, 2014 until her termination date. (*Id*., ¶ 4.)

29. Based on the foregoing time record data, Plaintiff's rest break claim places into controversy at least **$48,767.25** (*i.e.,* $66.35 [Plaintiff's lowest hourly rate] x 735 [number of shifts where she worked at least 3.5 hours]). Plaintiff's meal break claim places into controversy at least **$48,302.80** (*i.e.*, $66.35 [Plaintiff's lowest hourly rate] x 728 [number of shifts where she worked at least 5.0 hours]).

30. **Failure To Provide Wage Statements.** Plaintiff alleges that, as a result of the aforementioned violations, Defendants failed to provide her with accurate itemized wage statements. (Complaint, ¶ 40.)

31. California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information. Plaintiff alleges that Defendants "explicitly prohibited" and "made it impossible" to take meal and rest breaks, and as a result, "fail[ed] to provide an accurate, itemized wage statement that reflected earned premium pay for failure to provide meal and rest periods, e.g. net wages." (Complaint, ¶¶ 16, 27, 31-33, 40.)

32. California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual. Cal. Lab. Code § 226(e). The applicable statute of limitations is one year. Cal. Code Civ. Proc. § 340(a).

33. Defendants expressly deny that they failed to provide Plaintiff with accurate itemized wage statements. Plaintiff received 23 wage statements between July 27, 2017 and her termination date. (Musgrove Decl., ¶ 5.) Therefore, Plaintiff's wage statement claim places into controversy at least **$2,250** (*i.e.*, $50 [initial wage statement] + ($100 x 22 [subsequent wage statements]).

34. **Waiting Time Penalties.** Plaintiff claims that "Defendants knowingly failed to pay Plaintiff . . . all earned wages upon termination. Instead, Defendants willfully and intentionally refuse to pay the earned rest and meal period premiums alleged herein to Plaintiff . . . in violation of Labor Code sections 201 and 202." (Complaint, ¶ 48.) She seeks penalties pursuant to Labor Code § 203 equal to her daily wage times thirty (30) days. (Complaint, ¶ 49.) The statute of limitations for penalties under California Labor Code § 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).

35.     Defendants expressly deny that Plaintiff is entitled to recover waiting time penalties. Plaintiff's final base hourly rate of pay was $67.61. (Musgrove Decl., ¶ 6.) Therefore, Plaintiff's waiting-time penalty claim places into controversy at least **$16,226.40** (*i.e.*, $67.61 [Plaintiff's final rate of pay] x 8 [8-hour work day] x 30 days [waiting time penalty]).

36.     **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with each of her claims. (Complaint, Prayer for Relief at ¶ l.) Attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

37.     When, as here, a plaintiff seeks to recover attorneys' fees as permitted by California law, the court *must consider future attorneys' fees* when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

38.     Defendants expressly deny that Plaintiff is entitled to recover attorneys' fees as it denies that Plaintiff can recover on any of his underlying claims. However, through trial, attorneys' fees in wage and hour cases typically exceed $100,000. Therefore, for purposes of establishing amount in controversy, Defendants will apply a conservative estimate of $25,000. Counsel for Defendants is not aware of any case where attorneys' fees through trial have not exceeded $25,000.

//
//
//
//
//

39. Therefore, *excluding* the additional amounts in controversy relating to Plaintiff's claims for Defamation, IIED, and NIED, which will only serve to further increase the amount in controversy, Plaintiff's wage and hour claims, alone, place into controversy at least **$140,546.45**, as summarized below:

| Claim | Amount in Controversy |
|---|---|
| Failure to provide rest breaks | $48,767.25 |
| Failure to provide meal breaks | $48,302.80 |
| Wage statements | $2,250 |
| Waiting time penalties | $16,226.40 |
| Attorneys' Fees | $25,000 |
| **Total:** | **$140,546.45** |

40. Based upon the foregoing, the amount in controversy in this action easily exceeds the jurisdictional minimum of $75,000.

41. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

### THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

42. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Orange County Superior Court is located within the Central District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

43. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

44. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Orange. Notice of Compliance shall be filed promptly afterwards with this court.

45. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1.1, Defendants concurrently filed their Certificate of Interested Parties.

## **CONCLUSION**

For the foregoing reasons, Defendants hereby remove the above-entitled action to United States District Court for the Central District of California.

Dated: August 30, 2018

Allison Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Allison Eckstrom*
    Allison Eckstrom
    Attorneys for Defendants Walgreen Co. and Walgreens Boots Alliance, Inc.