JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marcie Le** and **Karen Dao**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Walgreen Co.**, an Illinois corporation; **Walgreen Pharmacy Services Midwest, LLC**, an Illinois limited liability company; and **Walgreens Boots Alliance**, a Delaware corporation,<br><br>Defendants. | Case No. 8:18-cv-01548-DOC (ADSx)<br><br>Hon. David O. Carter<br>Special Master Hon. Jay C. Gandhi (Ret.)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; PLAINTIFFS' MOTION FOR ATTORNEYS' FEES; AND ENTERING FINAL JUDGMENT [163] [164]**<br><br>Hearing Date:   August 2, 2021<br>Hearing Time:   8:30 a.m.<br>Courtroom:      9D |

## ORDER APPROVING CLASS ACTION SETTLEMENT

On August 2, 2021, Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (together, the "Motions") were heard by the Court. Having Received and considered the Motions, the February 22, 2021 Stipulation of Class Action Settlement and Release of Claims ("Settlement" or "Settlement Agreement"), the declarations of Elliot J. Siegel, Daniel M. Hutchinson, Marcie Le, Karen Dao, and Byran Valdez, the evidence and argument received by the Court before entering its April 1, 2021 Order Directing Notice (Dkt. No. 159) and at the Final Approval Hearing, and all other papers and pleadings on file in this action, the Court grants final approval of the Settlement, enters this Order and Judgment, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court previously preliminarily approved the Settlement in its April 1, 2021 Order Directing Notice. Dkt. No. 159. In accordance with the Order Directing Notice, Class Counsel and CPT Group, Inc. (the "Administrator"), provided notice of the terms of the Settlement to the Class Members pursuant to the terms of the Settlement and Order Directing Notice. As part of that notice process, Class Members have had the opportunity to comment on, object to, or exclude themselves from the Settlement.

2. Except as otherwise specified, the terms in this Order shall have the same meaning as they are defined in the Settlement, which is incorporated by reference into this Order.

3. The Court has jurisdiction over the Class, Defendants, the Action, and the Settlement under 28 U.S.C. §§ 1132(a), 1332(d).

4. The Court finds that the Notice provided to the Class comports with and satisfied all requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, et seq.

5. For settlement purposes only, the Court confirms and finally approves the certification of the Class as set forth in its Order Directing Notice. For purposes of this Order, the Class is defined as "All persons who are and/or were employed by Defendants in California at any time during the Class Period as hourly, non-exempt pharmacy interns, pharmacy intern graduates, pharmacists, staff pharmacists, multi-location pharmacists (both assigned and unassigned), and/or pharmacy managers (classified under job code RXH; RXMHC; RXHSF; RXHCA; RXHLS; PHI5; PHIG; PHI3; PHI6; PHI4; SPHI4; or SPHI5)." The following Class Members served timely and valid requests for exclusion and are not Class Members: Ioffe, Viktoriya; Hadjian, Payvand; Buttolph, Judith; Valdez Jr., Leonard; Do, Loanne.

6. In accordance with the Order Directing Notice, Class Members were provided Notice of the Settlement by first-class mail. The Notice apprised Class Members of the pendency of the Action, the terms of the proposed Settlement, their right to receive a settlement share, their right to appear, object to, or exclude themselves from the proposed Settlement, the amount of attorneys' fees and costs sought, their right to appear in person or by counsel at the final approval hearing, and the information for that hearing. The Notice provided 60 days for Class Members to take action in response to the Notice.

7. The Court finds that the Notice (a) provides the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the proposed Settlement, and of their right to appear, object to, or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully comply with federal law, the United States Constitution, and all other applicable laws. The Notice was conducted with sufficient protections that the Court may make an informed decision regarding approval of the Settlement based on the responses of the Class Members.

8. No Class Members filed written objections the Settlement.

9. The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions. The Court also finds that the Settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Class Members.

10. The Court finds that the Settlement is fair, reasonable, and adequate in all respects to the participating Class Members. The Court further finds that:

    a. Named Plaintiffs and Class Counsel have vigorously represented the class;

    b. the Settlement arose out of arm's-length, informed, and non-collusive negotiations between counsel for Plaintiffs and Defendants, who convened multiple times to discuss settlement under the supervision of a mediator;

    c. the relief provided by the Settlement is fair, reasonable, and adequate in light of the (i) the costs, risks, and delay of appeal and any further proceedings in the trial court; (ii) the effectiveness and straightforwardness of the proposed Settlement distribution process, which does not require proposed Class Members to affirmatively make a claim; (iii) the reasonableness of the request for award of attorney' fees, both as a percentage of common fund and on a lodestar basis; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3); and

    d. the Settlements treats Class Members equitably relative to each other.

11. The Court orders the Parties to comply with and carry out all terms and provisions of the Settlement to the extent that the Settlement does not conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence.

12. The Court approves Class Counsel's request for attorneys' fees in the amount of $2,266,666.67, which shall be paid from the Gross Settlement Fund. The Court finds that the fees sought are fair and reasonable in light of the results obtained for the Class; the strengths of Plaintiff's case and the risk, expense, complexity, and duration of further litigation; the contingent nature of the engagement and risks undertaken; the skill and experience of counsel; and awards in similar cases.

13. The Court approves Class Counsel's request for reimbursement of litigation expenses and costs of suit in the amount of $254,810.92, which shall be paid from the Gross Settlement Fund.

14. The Court approves a payment in the amount of $375,000 to the California Labor & Workforce Development Agency, representing the State of California's portion of civil penalties under PAGA, which shall be paid from the Gross Settlement Fund.

15. The Court approves an incentive payment to the Named Plaintiffs and Class Representatives in this action, Marcie Le and Karen Dao, in the amount of $10,000.00 each, which shall be paid from the Gross Settlement Fund.

16. The Court approves the payment of reasonable settlement administration costs to the Settlement Administrator, CPT Group, Inc., in the amount of $30,000, which shall be paid from the Gross Settlement Fund.

17. By operation of this Order and Judgment, the claims in this Action of each Class Member against Defendants are released as set forth in the Stipulation, except

for those Class Members that have validly requested exclusion. The claims of Named Plaintiffs are released as set forth in the Stipulation. Nothing in this Order shall prevent any action to enforce the Parties' obligations under the Settlement or this Order, including as to payment of the Gross Settlement Fund.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and each party shall retain his, her or its rights to proceed with litigation of the Action.

19. Without affecting the finality of this Order and Judgment, the Court reserves exclusive and continuing jurisdiction over the Action; Named Plaintiffs; the Class; and Defendants for the purposes of supervising the administration, implementation, enforcement, construction, and interpretation of the Settlement and this Order and Judgment.

20. The Court finds that there is no just reason for delay of entry of this Order and Judgment and hereby directs its entry. Each Party is to bear its own costs and attorneys' fees except as provided in the Settlement and this Order.

21. By means of this Order, the Court hereby enters final judgment pursuant to Fed. R. Civ. P. 58(1).

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: July 21, 2021

_David O. Carter_
The Honorable David O. Carter
United States District Court Judge